UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL WYLE WILLIS,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.<br><br>Respondent. | No. 2:14-cv-2292 DAD P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

I.  <u>Screening standards</u>

Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires a habeas petition to specify all the grounds for relief available, to state the facts supporting each ground and to state the relief requested.  The court must dismiss a petition that does not contain any of these elements or "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.  Moreover, the court is required to

1

screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. On the other hand, of course, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). When considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true. However, "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

II. Screening analysis

The petition before the court in this habeas action states four grounds of relief. None of them meets the screening standards described above.

In his Ground One for relief petitioner alleges that the inmate intake process run by the California Department of Corrections and Rehabilitation (CDCR) "arbitrarily reduces petitioner's opportunities of obtaining 'milestone credits' in the first 12 [months] of incarceration[.]" (Pet. (Doc. No. 1) at 4.) The United States Supreme Court has held that a claim for restoration of credits against an inmate's time of incarceration "lies at the core of habeas corpus." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (internal quotation marks and citation omitted). However, the right to petition under the federal habeas statutes for restoration of credit already earned is distinct from the claim petitioner brings in his first claim for relief in which he alleges an inadequate opportunity to earn credit in the first place. See Ellington v. Clark, No. 1:09-cv-0054-DLB PC, 2009 WL 1295781, at *6 (E.D. Cal. May 8, 2009) ("[T]he act of revoking time credits must be distinguished from the act of limiting a prisoner's ability to prospectively earn time credits.

2

Prisoners have no liberty interest in earning work time credits or participating in work programs.") Although California law establishes various systems for prisoners to earn credit against their sentences, federal law does not guarantee any California prisoner a right of entry into those systems. See, e.g., James v. Singh, No. 2:12-cv-2041 GEB DAD P, 2013 WL 6512786 at *2 (E.D. Cal. Dec. 12, 2013) (denying a petitioner's claim that his assignment to segregated housing violated his right to earn good-time credits); Orozco v. Silva, No. 11-cv-2663-AJB (BLM), 2012 WL 1898791 at *2 (S.D. Cal. May 23, 2012) (observing that California has not provided prisoners with a statutory right to earn time credits); Hernandez v. Adams, No. 1:08-cv-00254 LJO MJS HC, 2010 WL 5071131 at *4 (E.D. Cal. Dec. 7, 2010) (stating "[p]etitioner simply has no constitutional right to a particular classification or to earn credits"); see also York v. Gibson, No. 1:11-cv-01482-BAM-HC, 2011 WL 6780931 at *5 (E.D. Cal. Dec. 27, 2011) (dismissing a habeas petition because "[i]t appears that Petitioner may be alleging that he has lost the opportunity to earn good time credits. However, the effect of this, if any, on the duration of his confinement is speculative"). "If petitioner has no constitutionally protected liberty interest in earning . . . credit, his claim that he was deprived of an opportunity to earn such credit . . . cannot state a cognizable claim for federal habeas relief." James, 2013 WL 6512786, at *2.

In his Ground Two for relief, petitioner appears to attack CDCR's computation of his current sentence. Exhibit A to the petition supports this interpretation of the nature of petitioner's claim, insofar as he uses that exhibit to contend that CDCR's statement of his earliest release date – April 6, 2016 – is "incorrect." However, petitioner's Ground Two is not specific as to the federal right implicated in that claim, and it is completely silent as to the relief requested of this court at this time. Again, the rules governing habeas actions in federal court require a petitioner to be precise about the relief he seeks under the habeas statutes and about the constitutional basis for the relief sought. Petitioner's failure to meet those fundamental requirements mandates summary dismissal.

In Ground Three of his petition petitioner states that a court order of February 10, 2014, requires the state of California to "create and implement a new parole process through which non-violent second strikers will be eligible for early parole consideration . . . once the inmate has

1 served 50% of [his] sentence." (Pet. at 6.)  However, in this claim petitioner merely expresses his
2 "concern" that this process is not being implemented fast enough, plus his speculative question
3 posed to this court as to whether "the process [will] require 50% with or without conduct
4 credits[.]"  (Id. at 5.)  Again, in his claim set out in Ground Three petitioner does not aver that a
5 specific constitutional violation has affected the fact or duration of his incarceration.  Therefore
6 Ground Three as pled does not state any basis for the granting of federal habeas relief.

7 Petitioner's Ground Four for relief is also non-specific to petitioner's conviction and
8 sentence, amounting to no more than petitioner's suggestion for ways in which CDCR could
9 "afford distribution of all credits more fairly and evenly to all groups of CDCR inmates." (Id. at
10 6.)  Thus, Ground Four does not state a claim for federal habeas relief.

11 Taken individually or together, the four grounds for relief alleged in the pending petition
12 suggest that petitioner means to challenge the duration of his confinement in state prison.  That is
13 a cognizable element of a habeas claim.  However, for the reasons stated above, it is not sufficient
14 to state a claim on which federal habeas relief could be granted.  The court will summarily
15 dismiss the petition and grant petitioner leave to file an amended petition that cures the pleading
16 deficiencies discussed herein.

17 If petitioner chooses to amend his petition, the court will examine it according to the same
18 screening standards described above.  Petitioner is informed that the court cannot refer to a prior
19 pleading in order to make plaintiff's amended petition complete.  Any amended petition must be
20 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
21 amended pleading supersedes the original.  Once petitioner files an amended petition, the original
22 one will no longer serve any function in this case.  Therefore petitioner must describe each claim
23 and the relief he seeks fully in an amended petition.

24 Finally, petitioner is cautioned that failure to file an amended petition within the time
25 allowed will result in dismissal of this action without prejudice.  See Federal Rule of Civil
26 Procedure 41(b); Local Rule 110.

27 /////
28 /////

Therefore, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis.

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order.

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

Dated: February 4, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
will2292.114